UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHYLLIS HANNAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:13CV00053 ERW |
| ) | |
| AUTO-OWNERS INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's Amended Bill of Costs [ECF No. 74].

## I. BACKGROUND

This case arises out of wind, hail, and rain damage sustained to Plaintiff Phyllis Hannan's ("Plaintiff") property after multiple storms. Plaintiff filed a "Petition for Recovery Under a Property Insurance Policy" in the Circuit Court of Montgomery County, Missouri, on May 14, 2013, asserting claims for breach of contract and vexatious refusal to pay [ECF Nos. 1-1, 6]. On June 6, 2013, Defendant Auto-Owners Insurance Company ("Defendant") filed a Notice of Removal, removing the cause to this Court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332 and 1446 [ECF No. 1].

On July 30, 2014, the jury returned a verdict for Defendant and against Plaintiff [ECF No. 68]. On July 31, 2014, the Clerk of Court entered judgment in accordance with the verdict, ordering that Plaintiff take nothing on her Complaint against Defendant, the action be dismissed on the merits, and Plaintiff bear all taxable costs of the action [ECF No. 72].

Defendant filed a Bill of Costs on August 25, 2014 [ECF No. 73]. Defendant then filed an Amended Bill of Costs on August 26, 2014 [ECF No. 74]. Plaintiff filed a Memorandum in

Opposition to Defendant's Bill of Costs and Amended Bill of Costs ("Memorandum in Opposition"), urging the Court to deny Defendant's Amended Bill of Costs, because it was untimely filed and in the alternative the Bill of Costs was not adequately itemized or documented. Defendant filed a Response to Plaintiff's Memorandum in Opposition to Amended Bill of Costs ("Response") on September 5, 2014 [ECF No. 76]. In this filing, Defendant waived $1,022.15 of the sum sought in the Amended Bill of Costs; therefore, some of Plaintiff's objections are moot. Defendant now claims $7,140.77 in costs, representing fees of the Clerk, fees for witnesses, fees of the Court Reporter, fees for service of subpoenas and fees for copies of papers. For the sake of clarity, the Court limits its discussion to amounts comprising the $7,140.77 currently sought by Defendant; unless otherwise stated, the Court will not discuss waived amounts.

## II. DISCUSSION

### A. *Untimely Waiver*

Local Rule 54-8.03 requires a verified Bill of Costs to be filed within twenty-one (21) days after entry of judgment. Failure to file timely may constitute waiver. L.R. 54-8.03. Here, Defendant's Bill of Costs was due on August 21, 2014 and was filed on August 25, 2014 [ECF No. 73] with an Amended Bill of Costs filed on August 26, 2014 [ECF No. 74]. Federal Rule of Civil Procedure 6(b)(1) states that the court may, for good cause, extend the time period. If it is after the original time period has expired, the court may extend the time if a motion is made and the failure to act is due to excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect allows the court to extend the deadline if the failure to meet it was "caused by inadvertence, mistake, or carelessness. . ." *See Kurka v. Iowa Cnty, Iowa*, 628 F.3d 953, 959 (8th Cir. 2010) (quoting *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010)). All of the relevant

circumstances should be taken into account when determining if neglect is excusable with a focus on the following four factors: the possibility of prejudice to the plaintiff, the length of the delay and impact on the proceedings, the reason for the delay, and whether the party acted in good faith. *Id*.

Defendant states that the Bill of Costs was filed late because of a miscalculation of the deadline [ECF No. 76]. The delay of two business days has not caused any prejudice to the Plaintiff nor has it caused an impact on the proceedings as briefing was completed before the originally scheduled time allowed. There is no reason to doubt Defendant's good faith. *See Sugarbaker v. SSM Health Care*, 187 F.3d 853, 856 (8th Cir. 1999). Defendant has established the delay was due to excusable neglect.

Local Rule 6-1.05 also allows the Court to extend or shorten any time limit imposed by the Local Rules for good cause. This standard has been met as the failure to meet the deadline was due to excusable neglect. For reasons discussed, the Court does not find the Bill of Costs waived for untimeliness.

### B. Fees Requested[1]

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs--other than attorney's fees--should be allowed to the prevailing party." *See also In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005) ("A prevailing party is presumptively entitled to recover all of its costs."). Pursuant to 28 U.S.C. § 1920, the Court may tax costs for:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;

---

[1] Plaintiff objected to Defendant's inclusion of costs for the production of exhibits. Defendant has waived the production of exhibits [ECF No. 76]. Accordingly, this request is denied as moot.

> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Court may not award costs other than those authorized by § 1920, because this section "imposes rigid controls on cost-shifting in federal courts[.]" *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (internal quotations omitted). Upon objection by the opposing party as to authorized costs, however, the Court may exercise its discretion to grant or deny costs. *Pershern v. Fiatallis North America, Inc.*, 834 F.2d 136, 140 (8th Cir. 1987).

In response to Defendant's Motion, Plaintiff has a number of Objections. Specifically, Plaintiff objects to taxation of certain fees of the Clerk, fees for service of summons, fees for witnesses, and fees for copies of papers. For reasons discussed *infra*, the Court will tax Plaintiff $6,257.67 in costs.

### 1. Fees of the Clerk

Defendant seeks to recover $400.00 for fees of the Clerk. Plaintiff argues that Defendant's Amended Bill of Costs is deficient because Defendant did not provide any itemization or documentation of the charge. Local Rule 54-8.03 requires that a party file a Bill of Costs using the form prescribed by the Clerk. The Bill of Costs form provided by the Clerk of this Court requires that itemization and documentation be attached for all requested costs. Defendant's Amended Bill of Costs included only a charge of $400.00 for fees of the Clerk without any supporting documentation. In Defendant's Response to Plaintiff's Memorandum in Opposition [ECF No. 76-E], Defendant provided documentation showing that Defendant was charged $400.00 for filing Defendant's Notice of Removal and accompanying attachments. The Court will therefore tax Plaintiff $400.00.

## 2. Fees for Witnesses

Under 28 U.S.C. § 1920(3), Defendant may recover "[f]ees and disbursements for printing and witnesses." Defendant seeks to recover $599.22 for witness fees. Plaintiff specifically objects to witness fees for depositions of Eric Baker, William Cox, Chad Grannemann, and Mike Grannemann. Plaintiff also objects to all witness fees claimed because Defendant did not itemize the calculation of each witness fee in its Amended Bill of Cost. Defendant provided an itemized list of each witness fee, the mileage paid for each witness, and the address of each witness in its Response [ECF No. 76]. Accordingly, the Court will not deny costs based on this objection, but it will now address the Plaintiff's objections to specific witnesses.

Plaintiff objects to a witness fee for Chad Grannemann because his deposition was ultimately cancelled by Defendant. According to Defendant, the deposition was scheduled because Chad Grannemann was listed as a potential trial witness by Plaintiff and it was only cancelled after Plaintiff confirmed that she would not be calling the witness at trial. "The determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use." *Zotos v. Lindbergh School Dist.*, 121 F.3d 356, 363 (8th Cir. 1997) (quoting *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). It is reasonably necessary for a party to take the deposition of potential trial witnesses. *Id.* at 363-364. *See also Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1184 (Fed Cir. 1996) (deposition transcripts were necessarily obtained because at the time they were taken, they were "potential trial witnesses"). At the time the deposition was scheduled and the witness fee was sent to and cashed by Chad Grannemann, he was listed as a potential trial witness by Plaintiff. The deposition was only cancelled by

Defendant after Plaintiff assured Defendant that Chad Grannemann would not be called at trial. The witness fee was reasonably necessary at the time it was issued. The Court will tax Plaintiff $53.54 for Chad Grannemann's witness fee.

Plaintiff's objects to the witness fees for Eric Baker, William Cox, and Mike Grannemann because these three witnesses originally were provided at no cost to Defendant and only required a subpoena after Defendant cancelled the first scheduled depositions. Defendant argues that the depositions were only cancelled because Plaintiff failed to provide discovery needed to conduct the deposition. A subpoena was ultimately needed for these witnesses, the deposition was reasonably necessary, and costs associated with witness fees are allowable under 28 U.S.C. § 1920. Accordingly, the Court will tax Plaintiff $198.81 for the witness fees of Eric Baker, William Cox, and Mike Grannemann.[2]

Plaintiff did not object to the taxation for the other witness fees Defendant incurred totaling $299.01. In total, the Court will tax Plaintiff $599.22 for fees for witnesses.

### 3. Fees of the Court Report for Transcripts[3]

Defendant seeks to recover $5,069.55[4] in costs of transcripts of various depositions. Plaintiff objects specifically to costs incurred from depositions of Eric Baker and William Cox. Plaintiff objects to all costs related to depositions because Defendant did not itemize costs and for individuals deposed at the request of the defense. For reasons discussed *infra*, the Court will award Defendant $4,258.45 in taxable costs for fees of the court reporter for transcripts.

---

[2] Any further objections related to the depositions of Eric Baker, William Cox, and Mike Grannemann are discussed *infra*.

[3] With regarding to deposition transcripts, Defendant has waived costs of shipping, e-transcripts, and photocopies of exhibits. [ECF No. 76]. The only costs included are the deposition fees for the transcripts. The Court will not include costs for the waived items in its discussion.

[4] Due to a clerical error discussed *infra*, this amount is slightly lower than the sum listed by Defendant.

Plaintiff argues that costs should be denied because Defendant did not itemize the costs properly. Defendant provided with its Amended Bill of Costs invoices for each deposition that itemized the charges [ECF No. 74]. Additionally, Defendant has further itemized the amounts in its Response. Defendant has provided ample evidence to support the amounts listed for each deposition [ECF No. 76-D-O].

In determining whether to award the costs of a deposition, "the underlying inquiry is whether the depositions reasonably seemed necessary at the time they were taken." *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997) (internal quotations omitted). While deposition costs are unrecoverable if taken solely for discovery or investigative purposes, *Ryther v. KARE 11*, 864 F. Supp. 1525, 1354 (D. Minn. 1994), "if the depositions were actually introduced in evidence or used at trial for impeachment purposes, then it is proper to conclude they were necessarily obtained for use in the case." *Frazier v. IBP, Inc.*, No. C97-0023, 1999 WL 33655745, at *10 (E.D. Mo. Feb. 2, 1999). Whether the deposition was taken at the request of Defendant or Plaintiff is not pertinent to the analysis of whether the costs of a deposition are taxable. The analysis focuses on if the depositions were reasonably necessary at the time they were taken. All of the individuals listed by Defendant in its Response but two, appeared at trial.[5] It is reasonable for a party to take the deposition of potential trial witnesses and Defendant could have reasonably anticipated that these depositions would need to be used for impeachment

---

[5] The individuals listed by Defendant are as follows: Louis Juhlmnan, Eric Baker, John Sutherland, Phyllis Hannan, William Cox, David Bradley, Joe Jackson, Joey Duning, Larry Hicks, Edward O. Huff, Jr., Gary Butler, Michael Groteweil, Nathan Davis, Jon L. Kramer, Michael Grannemann, William Anderson, Jr., and David Weber.

purposes. Accordingly, the Court will tax Plaintiff $3,580.55[6] for the depositions of these witnesses.

However, John Sutherland and Joe Jackson were not witnesses at the trial and were not included on Plaintiff's initial disclosure of potential witnesses. No other information is provided as to the purpose of the depositions of these two individuals. Defendant has failed to satisfy its burden of proving these depositions were necessarily obtained for use in the case. The Court will not tax Plaintiff $482.10 for these two deposition transcripts and fees.

Defendant seeks to collect deposition fees for the record of non-appearance of Eric Baker and William Cox. Plaintiff objects to the fees. Both parties agree that subpoenas for Eric Baker, William Cox and Mike Grannemann contained an incorrect address for a Warrensburg, Missouri location rather than the correct location of Warrenton, Missouri. Plaintiff claims that Mike Grannemann was informed of the error and came to the correct location while Eric Baker and William Cox appeared at the incorrect Warrensburg location. Defendant argues that an amended notice was sent correcting the error to all of the individuals and that both Plaintiff and Defense counsel attempted to contact Eric Baker and William Cox on the date of the deposition to no avail. No documentation was provided by either party as to when the subpoenas were originally issued or if the correct location was provided to the individuals in time for them to appear at the correct location. The Court cannot determine if the costs associated with the non-appearance of the two individuals were due to the mistake in the address or for another reason. Plaintiff should not be taxed for the mistakes of Defendant. Accordingly, the Court will not tax Plaintiff for the record of the non-appearance of Eric Baker and William Cox. The Court will tax the Plaintiff

---

[6] Defendant lists the deposition fee for David Weber as $78.25, but the invoice for the deposition states the amount is $75.25. The Court has corrected this error and will tax Plaintiff $75.25.

$704.90 for the fees for the subsequent depositions taken of these two individuals where they did appear.

In total, the Court taxes the Plaintiff $4,258.45 for the fees of the Court Reporter for transcripts.

### 4. Fees for Service of Summons and Subpoena

Defendant seeks to recover $1,000 for fees for service of summons and subpoena on nine witnesses for depositions and trial. Plaintiff has the same objections to the fees for Bill Cox, Eric Baker, Mike Grannemann, and Chad Grannemann as Plaintiff's objections to witness fees for these individuals. For the same reasons discussed *supra*, the fees for service of summons and subpoena for these four individuals are taxable to the same extent that witness fees are taxable. Plaintiff did not object to the taxation for the service of summons and subpoena on the additional witnesses. Accordingly, the Court will tax Plaintiff $1,000 for fees for service of summons and subpoena.

### 5. Fees for Exemplification and Copies of Papers

Defendant seeks to recover $69.00 for copies of exhibits. Plaintiff objected because there was no description provided of what the copies were, the page count, and the price per page. To substantiate this claim, Defendant submitted an affidavit from Jonathan B. Morrow, defense counsel, stating the copies were exhibits in preparation for trial [ECF No. 76-C]. "In determining whether a photocopy expense is necessary so as to be taxable as a cost and whether to award that cost to the prevailing party, the district court enjoys discretion so long as it does not act arbitrarily." *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002). However, several photocopying costs are not taxable under § 1920(4):

> [P]laintiffs may not recover the photocopy expenses that they incurred in copying their own pleadings and motions for filing with the Court, serving on opposing counsel, or transmitting to their client; nor does the cost statute cover a party's copying of documents to be produced in discovery, or copying research materials for the convenience of counsel. These are not taxable costs under the statute, because they are not necessarily obtained for use in the case.

*Emmenegger v. Bull Moose Tube Co.*, 33 F. Supp. 2d 1127, 1133 (E.D. Mo. 1998) (internal quotations omitted).

The Court finds that Defendant's copies are not taxable. Defendant has failed to demonstrate how the copies were used, the price per page, the number of pages, or how they were otherwise made for anything other than the convenience of counsel. The Court will not tax Plaintiff $69.00 for Defendant's copies of exhibits.

### C. *Unclean Hands*

Plaintiff argues that Defendant should be denied recovery of taxable costs because of the "clean hands" doctrine. Plaintiff claims that Defendant's handling of the case made it impossible for Plaintiff to put forward a successful case, Defendant is requesting costs after filing out of time, and attempting to seek costs not permissible by law giving Defendant unclean hands. [ECF No. 75]. Plaintiff relies on *Precision Instrument Manufacturing Company v. Automotive Maintenance Machinery Company*, 324 U.S. 806, 814 (1945), but this case is unpersuasive. In *Precision Instrument Manufacturing Company*, the Plaintiff charged that Defendants had infringed on patents owned by Plaintiff, and Defendants' defense was Plaintiff had unclean hands due to their actions prior to the suit being filed. *Id*. This case has no relation to a claim for taxable costs but instead refers to a complicated series of transactions between the two parties regarding patents and the perjury of individuals involved in the case which led to the determination that Plaintiff had unclean hands. Defendant has stated that the delay in filing was due to a miscalculation of the deadline and was made in good faith. Plaintiff has failed to show

how the actions of Defendant during the investigation and handling of the case should lead to a denial of costs after the jury has granted a verdict in Defendant's favor. Accordingly, the Court will not deny Defendant taxable costs under the "unclean hands" doctrine.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Auto-Owners Insurance Company's Motion for Bill of Costs [ECF No. 74] is **GRANTED**, **in part**, and **DENIED**, **in part**. Defendant shall recover a total of $6,257.67, representing (1) $400.00 in fees of the Clerk, (2) $599.22 in fees for witnesses, (3) $4,258.45 in fees of the Court Reporter for transcripts, and (4) $1,000 in fees for service of summons and subpoena. The Clerk of the Court shall tax costs in favor of Defendant Auto-Owners Insurance Company and against Plaintiff Phyllis Hannan, in the amount of $6,257.67.

Dated this 14th Day of October, 2014.

                                                E. RICHARD WEBBER
                                                UNITED STATES DISTRICT JUDGE